**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | MISCELLANEOUS ACTION |
| v. | : | |
| CITX CORPORATION | : | NO. 11-7 |

## <u>MEMORANDUM RE: MOTION FOR RECONSIDERATION</u>

**Baylson, J.**                                                                                                                         **May 24, 2011**

### I.    Background

Currently before the Court is a Motion for Reconsideration (ECF No. 4) of this Court's January 27, 2011 Memorandum and Order (ECF No. 3) denying Petitioner Bernard A. Roemmele's petition to intervene in <u>United States v. Citx Corporation</u>, No. 02-00052-UJ, pursuant to Federal Rules of Civil Procedure 24(a)(1), 24(a)(2), 60(b)(4), 60(b)(6), and 60(d)(3). Petitioner, who is in custody and was formerly President and CEO of Citx Corporation, commenced this miscellaneous matter by filing a "Petition to Preserve All Case Documents" (the "Petition") on January 14, 2011. (ECF No. 1) Petitioner sought to intervene in <u>Citx Corp.</u> to obtain "an order directing the Clerk of the Court to preserve all documents filed in [<u>Citx Corp.</u>], and to further direct that any scheduled document destruction plans be stayed." Pet. at 1.

<u>Citx Corp.</u> was itself a miscellaneous matter in which a search warrant was issued on January 22, 2002 for Citx Corporation, 200 Kelly Road, Quakertown, PA. A return on the search warrant was executed on January 23, 2002, and the affidavit and accompanying papers relating to the search were unsealed by court order on August 27, 2004. There are no subsequent

proceedings in Citx Corp. Petitioner, who has a criminal appeal pending before the Eleventh Circuit, stated that he "will be asking the Court of Appeals, as well as the Courts, in other proceedings, to take judicial notice of the records contained in this instant proceeding as they are relevant and indeed crucial to verify the facts and circumstances concerning the government's January 2002, search of Citx Corporation." Pet. ¶ 46.

The Court denied the Petition, on the grounds that Petitioner failed to demonstrate that this Court had jurisdiction to grant him relief, and because the Court had substantial doubt that the Petition was timely.

## II. Legal Standard

Courts liberally construe pleadings and submissions filed by a pro se litigant. See Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). Petitioner does not state the basis for the Motion for Reconsideration, but the Court interprets it as a motion pursuant to Fed. R. Civ. P. 59(e). A movant seeking relief under Rule 59(e) must establish "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence. . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Disagreement with the district court's ruling is not proper grounds for a motion to reconsider. In light of the strong interest in finality of judgments, district courts grant motions for reconsideration sparingly. See Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) (citing Rottmund v. Cont'l Assurance Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992)).

## III. Discussion

Petitioner appears to argue that the Court should reconsider the Court's January 27, 2011 Memorandum and Order in order to correct a clear error of law or fact or to prevent manifest injustice.[1]  In his Motion for Reconsideration, filed March 2, 2011, Petitioner contends that the Court should have granted the Petition because service was proper,[2] the Court has jurisdiction, and the Petition was timely.

Petitioner has not shown that this Court has jurisdiction over the matter.  Petitioner claims that the case arises under the Constitution, laws, or treaties of the United States and therefore the Court has jurisdiction under 28 U.S.C. § 1331.  However, Petitioner did not assert that he has a claim arising under any particular federal law or constitutional provision.  Petitioner now asserts that if he is not permitted to intervene, he will be denied due process.  Mot. Recons. at 4.  Intervention in a lawsuit, however, is not a due process right, but rather is governed by the rules of civil procedure.  This action is not a lawsuit for deprivation of procedural due process with respect to the documents obtained by execution of the search warrant at Citx Corporation pursuant to 42 U.S.C. § 1983.[3]

Assuming the Court has jurisdiction over the matter, Petitioner has not established that

---

[1] Petitioner does not contend that there was an intervening change in the controlling law or that new evidence is available.

[2] The Court noted in its Memorandum and Order that Petitioner served the Solicitor General of the United States but not the United States Attorney for this district, which Petitioner corrected on this Motion for Reconsideration.  The United States Attorney's Office did not respond to this Motion.

[3] The Court does not examine whether Petitioner could state a claim for deprivation of procedural due process, which requires the plaintiff to establish 1) deprivation of an interest in life, liberty, or property, and 2) that the procedures available to him did not provide due process of law.  Hill v. Borough of Kutztown, 455 F.3d 225, 234 (3d Cir. 2006).

the Court should permit him to intervene in Citx Corp. under Rule 24 or Rule 60. The purpose of Rule 24 "is to prevent a multiplicity of suits where common questions of law or fact are involved." Wash. Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1990) (citing Reich v. Webb, 336 F.2d 153, 160 (9th Cir. 1964)). To intervene as a matter of right under Rule 24(a)(1), Petitioner has to establish upon timely motion that he has a right to intervene conferred by a federal statute. This rule is inapplicable, as Petitioner has not asserted that any United States statute provides him with the right to intervene in this litigation.

To intervene as a matter of right under Rule 24(a)(2), "the prospective intervenor must establish that: '(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.'" In re Cmty Bank of N. Va., 418 F.3d 277, 314 (3d Cir. 2005) (quoting Harris v. Pernsley, 820 F.2d 592, 596 (3d Cir. 1987)). The court considers the totality of the circumstances to determine whether the request is timely, including "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." Id. (citing Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 369 (3d Cir. 1995)). To show a sufficient interest in the litigation, "[t]he applicant must demonstrate that there is a tangible threat to a legally cognizable interest," which "belong[s] to or [is] owned by the proposed intervenor." Mountain Top, 72 F.3d at 366 (citing Harris, 820 F.2d at 601; United States v. Alcan Aluminum, Inc., 25 F.3d 1174, 1185 (3d Cir. 1994)). An applicant who can establish a sufficient interest must also demonstrate that the "interest might become affected or impaired, as a practical matter, by the disposition of the action in their absence." Id. (citing

4

Alcan Aluminum, 25 F.3d at 1185 n. 15).

Here, Petitioner cannot establish that he satisfies all four elements of the Rule 24(a)(2) inquiry. The petition to intervene in Citx Corp. is not timely. The only proceedings in Citx Corp., which occurred in 2002 and 2004, concerned the issuance and execution of a search warrant. No active litigation is occurring in that case now or has occurred for nearly seven years. Moreover, Petitioner has not shown why he did not seek the documents at an earlier stage if they are relevant to his criminal case, which was tried in 2006. Allowing intervention at this stage would not advance the purpose of Rule 24, to prevent multiple suits where common questions of law or fact are involved. Indeed, there are no questions of law or fact under judicial determination in Citx Corp.

Additionally, Petitioner cannot show that the Citx Corp. proceedings threaten to affect or impair a legally cognizable interest that belongs to him. Because no claims are being litigated in Citx Corp., Petitioner's legal rights and property interests are not at risk of being disposed of in Petitioner's absence. Therefore, Petitioner cannot satisfy the requirements of Rule 24(a)(2).

Petitioner also cited several subsections of Federal Rule of Civil Procedure 60 as the basis for his Petition. However, Rule 60 does not apply "because the district court [is] not attempting to correct a clerical order or mistake" in a final judgment, order, or proceeding. Cortez v. Trans Union, LLC, 617 F.3d 688, 717 (3d Cir. 2010) (citing Demeretz v. Daniels Motor Freight, Inc., 307 F.2d 469, 473 (3d Cir. 1962)). As discussed above, no final judgment or order was entered in Citx Corp. from which Petitioner seeks relief. Rather, Petitioner attempts to use intervention as a discovery tool for matters pending in the Eleventh Circuit and other courts. Rule 60 does not apply to these proceedings.

**IV.     Conclusion**

In summary, Petitioner has not demonstrated any reason for the Court to permit him to intervene in <u>Citx Corp.</u>  Therefore, the Court will deny the Motion for Reconsideration, because Petitioner has not established a need to correct a clear error of law or prevent manifest injustice. An appropriate Order follows.


O:\CIVIL 11-12\11-mc-7 US v Citx\US v. Citx Mot Reconsider.wpd